CHARLES H. OLSEN, ADMINISTRATOR, v. MAX MEYER.

FILED NOVEMBER 6, 1895.    No. 5416.

1. **Negligence:** DEATH CAUSED BY FALLING WALL: EVIDENCE OF SEVERITY OF STORM. In an action for negligently permitting a brick wall to remain unsupported, in consequence of which it fell upon and killed the plaintiff's intestate, the defense alleged being that the falling of said wall was occasioned by a wind storm of such unusual force and severity as to be denominated as the act of God, *held* not error to permit the introduction by the defendant of evidence tending to prove that there

had been since the date in question (two years, three months, and twenty-three days) no storm of equal severity.

2. ———: ———: ———.   Evidence examined, and *held* to sustain the judgment of the district court.

3. **Measure of Damages**: INSTRUCTIONS: REVIEW.   This court will not consider objections by the plaintiff below to instructions relating to the measure of damage where he has failed to recover on the cause of action alleged.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*Schomp & Corson*, for plaintiff in error.

*W. J. Connell, Charles Ogden*, and *J. W. West, contra.*

POST, J.

This was an action in the district court for Douglas county by the plaintiff in error, as administrator of the estate of Edward Olsen, deceased, to recover from the defendant in error, Max Meyer, on account of the negligence of the latter which caused the death of the plaintiff's intestate. A trial was had resulting in a verdict and judgment for the defendant below, which has been removed into this court for review upon allegations of error by the plaintiff.

It is in the petition, in substance, alleged that the defendant Meyer is the owner of a lot at or near the intersection of Eleventh and Farnam streets in the city of Omaha, on which was situated a large, three-story brick building, adjacent to which was a one-story wooden building owned and occupied by the deceased as a business house. On the 10th day of January, 1889, the interior of the defendant's building was destroyed by fire, leaving the walls thereof unsupported, in which condition they were exceedingly dangerous and a constant menace to the lives and property of people in the immediate neighborhood thereof. On the 4th day of February, following, one of said walls,

which the defendant had negligently permitted to remain in its aforesaid dangerous condition, fell outward upon the wooden building above mentioned, crushing it to the earth and instantly killing the plaintiff's said intestate. The answer admits ownership by the defendant of the building in question and the death of the said Edward Olsen, but denies the allegation of negligence and charges that the falling of the wall aforesaid was caused by a storm of such unusual force and severity as to be denominated the act of God, and that the defendant is in nowise answerable for the fatal consequence thereof. The reply is in effect a general denial.

At the trial below, on the 27th day of May, 1891, the defendant, to sustain the allegations of his answer respecting the character of the storm which resulted in the death of the plaintiff's intestate, was permitted to prove by witnesses called for that purpose that the city of Omaha and vicinity had not since the time in question, to-wit, February 4, 1889, been visited by a wind storm of equal force and violence. To the introduction of such evidence exception was taken on the ground that the character of storms occurring subsequent to that which produced the fatal result above stated cannot be taken as a basis of comparison for the purpose of the defense alleged, or, to state the objection in the language of plaintiff's counsel, "The character of the wind or of wind storms that occurred after that date could have no bearing whatever upon this case, and were clearly irrelevant and immaterial." We are unable to perceive the force of the objection urged. It was, as stated in the charge of the court, the duty of the defendant "to take into consideration the effect of such winds and other natural phenomena as are ordinarily liable to occur, having due regard for the condition of the building and the season of the year, but he was not required to guard against an extraordinary manifestation of nature, the occurrence of which could not reasonably have been antici-

pated or foreseen." According to the modern understand-
ing of the law, we are not required to seek for a precise
definition of the term "act of God," but rather to ascer-
tain the kind or character of events which are within the
contemplation of the parties, or which may be reasonably
anticipated to occur (Pollock, Contracts, p. 366*), and in
the determination of that question it is certainly proper to
avail ourselves of human observation and experience both
prior and subsequent to the particular event involved, the
weight or probative force of such evidence depending upon
the length of time to which the comparison applies. Evi-
dence of the character objected to is not admissible merely,
but must, for obvious reasons, become in course of time the
necessary and only basis of comparison. The objection is
not directed to the length of time intervening between the
falling of the wall and the date of the trial—two years,
three months, and twenty-three days—but to any period
subsequent to the fatal accident for the purpose of the com-
parison. It follows that the objection was rightly over-
ruled.

It is next urged that the verdict is against the decided
weight of the evidence and should have been set aside upon
that ground. We observe from the record that on the day
succeeding the fire the defendant consulted Mr. Mendelsohn,
a competent and experienced architect, with regard to the re-
pairing of the building mentioned, and was advised by the
latter, after an examination of the walls, that they were not
damaged, that they might be used for the purpose of re-
building, and that they were perfectly safe as they then
stood. Said architect was instructed to prepare plans and
specifications for the necessary repairs, in which he was
employed at the time of the accident. The defendant, ac-
cording to his own testimony, acted in good faith, relying
upon the advice thus promptly sought and given, in which
he is fully corroborated by Mr. Mendelsohn. We cannot
on this record say that the jury were not warranted in find-

ing for the defendant upon the issue of negligence, the vital question of the case.

Exception was taken to the refusal of certain instructions asked by the plaintiff, but as they relate to the question of the measure of damage, they will not be examined, since their refusal could in no event amount to prejudicial error. The judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.